1  **WO**                                                                      NN

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   **Great American Assurance Company**, )     No. CV 07-1341-PHX-EHC
                                          )
10              Plaintiff,                )     **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    **Brent John Bartell**, through his court-)
13  appointed guardian and conservator, Kim)
    Hoesel; **Rea-Ann Nicole Fuzy**, a single)
14  woman,                                )
                                          )
15              Defendants.               )
                                          )
16  _____)

17

18          This action arises from an automobile collision in May 2003 in which Defendant

19  Bartell was severely injured. (Dkt. 7, p. 2).  On June 22, 2007, in Maricopa County Superior

20  Court, Case No. CV 2004-009728, a jury found in favor of Bartell and against defendants

21  Rea-Ann Nicole Fuzy and Mesa Soccer Club, Inc. ("MSC"), among others; fault was

22  apportioned at 82 percent against Fuzy and 1 percent against MSC.  The jury found that

23  Bartell's total damages were $7,000,000, that Fuzy acted as the agent of MSC, and that Fuzy

24  and MSC were jointly and severally liable for Fuzy's apportioned fault, which was in excess

25  of $5,000,000. (See Dkt. 7, Exh. 1).  The judgment is currently on appeal.  Plaintiff Great

26  American Assurance Company ("Great American") filed this action seeking a declaratory

27  judgment that coverage is not available to Defendant Fuzy under the relevant insurance

28  policy issued by Great American.

1   *Defendant Bartell's Rule 12(b) Motion to Dismiss* ("Motion to Dismiss") (Dkt. 7) was
2   filed October 16, 2007.  *Great American Assurance Company's Response in Opposition to*
3   *Defendant Bartell's Rule 12(b) Motion to Dismiss* (Dkt. 8) was filed October 30, 2007, and
4   the *Reply Memorandum of Defendant Bartell in Support of His Motion to Dismiss* ("Reply")
5   (Dkt. 11) was filed November 8, 2007.  *Defendant Fuzy's Joinder in Rule 12(B)(6) Motion*
6   *to Dismiss* (Dkt. 9) was filed November 2, 2007.

7   *Plaintiff Great American Assurance Company's Motion to Strike New Arguments from*
8   *Defendant Bartell's Reply in Support of His Motion to Dismiss and Alternatively, Motion to*
9   *File Surreply in Opposition to Defendant's Motion to Dismiss* ("Motion to Strike") (Dkt. 12)
10  was filed November 26, 2007.  Great American contends Bartell introduced three new
11  arguments in his Reply, thereby preventing Great American from responding to them.

12  **Motion to Strike**

13  First, Great American alleges that Bartell presents Huth v. Hartford Ins. Co., 298 F.3d
14  800 (9th Cir. 2002) as controlling authority for his pending Motion to Dismiss. (Dkt. 12, pp.
15  2-3).  However, Bartell was rebutting Great American's argument that Gov't Employees Ins.
16  Co. v. Dizol, 133 F.3d 1220  (9th Cir.1998) overruled several cases relied upon by Bartell in
17  his Motion to Dismiss. The reference to Huth stands for nothing more. (See Dkts. 12-14).

18  Second, Great American objects to Bartell's contention that if the joint and several
19  judgment against Fuzy and MSC is affirmed, Great American's action for declaratory
20  judgment would be moot, and therefore, a waste of this Court's time and resources. (Dkt. 11,
21  pp. 8-9).  Great American has now acknowledged that MSC's liability is covered by its
22  policy (Dkt. 11, Exh. 2); there is no question that the final outcome of the state court case
23  will impact Great American.

24  Third, Great American claims that because several cases relied upon by Bartell are
25  unpublished, they cannot be cited pursuant to Ninth Circuit Rule 36-3, and therefore should
26  be stricken.  However, according to the Ninth Circuit, Rule 36-3 "quite clearly prohibits
27  citations only of our unpublished dispositions; it does not apply to unpublished dispositions

28

1  issued by any other courts within our circuit or elsewhere." <u>Renick v. Dun & Bradstreet</u>

2  <u>Receivable Mgmt. Servs.</u>, 290 F.3d 1055, 1058 (9th Cir.2002).

3  **Motion to Dismiss**

4  "The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C.

5  § 2201(a), is committed to the sound discretion of the federal district courts." <u>Huth</u>, 298 F.3d

6  at 802.  If a party timely objects to the exercise of discretionary jurisdiction under the

7  Declaratory Judgment Act, "the district court must make a sufficient record of its reasoning

8  to enable appropriate appellate review." <u>Gov't Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220,

9  1225 (9th Cir. 1998).

10  Defendant Bartell argues that pursuant to 28 U.S.C. § 2201 (a)[1], the Court has broad

11  discretion to refuse to entertain Great American's request for relief under the Federal

12  Declaratory Judgment Act. (<u>See</u> Dkt. 7, pp. 3-4).  In fact, generally, "federal courts should

13  abstain from exercising their jurisdiction in a declaratory judgment action over disputes

14  between insurance companies and their insureds in which the merits must be decided under

15  state law." <u>Allstate Ins., Co. v. Liberty</u>, No. 07-596-AA, 2007 WL 4165745, at *1 (D.Or.

16  November 17, 2007) (quoting <u>Polido v. State Farm Mut. Auto. Ins. Co.</u>, 110 F.3d 1418, 1424

17  (9th Cir.1997) *overruled on other grounds*, <u>Dizol</u>, 133 F.3d 1220 (1998)).

18  Great American, on the other hand, argues that <u>Polido</u>, upon which <u>Liberty</u> relies, was

19  "effectively overruled" by <u>Dizol</u>. (Dkt. 8, p. 5).  It incorrectly contends that any reliance on

20  <u>Polido</u> is "misplaced."  "[T]he <u>Dizol</u> court explicitly limited its holding.  It held only that a

21  district court need not decide *sua sponte* whether jurisdiction under [28 U.S.C.] § 2201(a)

22  should be declined, and that the appellate court need not decide *sua sponte* whether the

23  district court abused its discretion in exercising discretionary jurisdiction." <u>Huth v. Hartford</u>

24  _____

25  [1]The statute provides that "[i]n a case of actual controversy within its jurisdiction . .

26  . any court of the United States, upon the filing of an appropriate pleading, may declare the
rights and other legal relations of any interested party seeking such declaration, whether or

27  not further relief is or could be sought. Any such declaration shall have the force and effect
of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201 (a).

28

1   Ins. Co., 298 F.3d 800, 803 (9th Cir.2002) (citing Dizol 133 F.3d at 1227).[2]  Thus, the Huth

2   decision does not impact the Polido findings on any other issues.

3          Great American further argues that, according to Dizol, "there is no presumption in

4   favor of abstention in declaratory actions generally, nor in insurance coverage cases

5   specifically." Dizol, 133 F. 3d at 1225.  Nevertheless, this does not dictate a presumption that

6   insurance coverage cases should be entertained by the federal courts.  Indeed, looking to the

7   same paragraph, it is clear that the statement was made within the context of an action for

8   declaratory relief *joined with other claims*, such as breach of contract or rescission.  See

9   Dizol, 133 F.3d at 1225.  In those cases, the district court should not generally remand or

10  decline to retain the declaratory relief action when it must still preside over other related

11  claims.  Here, the only claim is the request for declaratory relief.  Moreover, the Dizol court

12  later adds that "these are considerations for the district court, which is in the best position to

13  assess how judicial economy, comity and federalism are affected in a given case." Dizol, 133

14  F.3d at 1226.

15          Both parties agree that the three Brillhart factors must be considered by a

16  federal court in deciding whether to exercise its discretion under the Federal Declaratory

17  Judgment Act. See Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942).  The factors are : 1)

18  avoiding needless determination of state law issues; 2) avoiding duplicative litigation; and

19  3) discouraging litigants from forum shopping. Liberty, 2007 WL 4165745, at *1 (citations

20  omitted).

21          **1) Avoiding Needless Determination of State law Issues**

22          The parties do not dispute that the issues before the Court are strictly governed by

23  state law.  Bartell argues that, in particular, federal courts should be reluctant to determine

24  "unsettled state law issues." Polido, 110 F.3d at 1422 ("Exercise of the district court's

25  discretionary jurisdiction under Brillhart furthers the policy against needlessly deciding

26

27          [2]It is this same rebuttal to which Great American claimed "ambush" and requested the
    reference to Huff be stricken or, in the alternative, that it be given the opportunity to respond
28  in a Surreply.

unsettled state law issues, prevents duplicative litigation, and discourages forum shopping.") (See Dkt. 11, pp. 2-3).

Great American contends that the state law issues must be complex and there must be a pending state court proceeding[3] for the federal courts to abstain from accepting jurisdiction. (Dkt. 8, p. 6).  It argues that the current action fails both.  Great American argues that "this case involves run-of-the-mill coverage issues that are not complex." (Dkt. 8, p. 6).  However, the case upon which it relies does not hold that the action must be complex, but rather, that it is one of many factors, including the existence of a pending parallel state action, that a district court should consider in deciding whether or not to abstain from said action. Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991) (finding district court properly retained declaratory judgment action because it was joined with other claims). Polido also does not refer to requirements that the state law issues be complex or that an existing parallel action is pending in state court to abstain from exercising jurisdiction.

**2) Avoiding Duplicative Litigation**

Great American emphasizes that the pending state case is the underlying liability action, the issues in which are distinct from the coverage issues here, and as a result, is not a parallel case: the pending state court action deals with negligence issues, whereas the declaratory judgment action deals with contract interpretation of the insurance policy. (Dkt. 8, pp. 8-9).  Therefore, Great American argues this is not duplicative litigation. (Dkt. 8, p.11).

While there are some distinct differences, the Ninth Circuit found there were important similarities. See Am. Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1017 (9th Cir.1995).[4]  The Hungerford Court acknowledged that in such circumstances, the cases are

---

[3]Because Great American refers to the pending state court proceeding in its briefs, the Court construes this contention as a requirement that there must exist a pending *parallel* state court proceeding.

[4]Great American argues the Hungerford case does not apply because it also was overruled by Dizol. (Dkt. 8, p. 9).  However, as in Polido, Dizol's narrow holding does not apply to the discussion here.

1   not parallel because, while the facts are the same, the legal issues are different.  Nonetheless,

2   "the federal action does parallel the state action in the sense that the ultimate legal

3   determination in each depends upon the same facts.  And, there is an alternate state remedy

4   by which the legal determination sought in the federal declaratory judgment action may be

5   made on the basis of a well-developed factual record, rather than on the basis of a barren

6   record." Hungerford, 53 F.3d at 1017.  Great American accurately points out that there is a

7   "full trial record" of the underlying tort action. (Dkt.8, p. 10).  That record is in state court.

8   ### 3) Discouraging Litigants from Forum Shopping

9   Bartell contends that Great American's suit in this Court is a reactive declaratory

10  judgment action because it was filed in response to a pending state court lawsuit. (Dkt. 7,

11  p.6).  Great American argues it is not reactive because it is not responding to a previously-

12  filed state court declaratory action.  Rather, it contends that a declaratory judgement action

13  by an insurance company against its insured during the pendency of a "'non-removable' state

14  court action presenting the same issues of state law is 'reactive' litigation." (Dkt. 8, p. 8).

15  Great American cites Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1372 (9th Cir.1991)

16  for the latter proposition. Great American is correct that this is an example of a reactive

17  declaratory judgment action; it does not limit, however, reactive litigation in insurance

18  declaratory judgment actions to those with a "non-removable" element.

19  More importantly, Great American was the Plaintiff in a virtually identical case in

20  which the federal court refused to retain jurisdiction. See Great Am. Assurance Co. v.

21  McCormick, C 05-02175 CRB, 2005 WL 3095972 (N.D.Cal. November 15, 2005).  The

22  pending state court cases were tort actions, not state declaratory relief actions.   The

23  McCormick court nonetheless held that Great American's lawsuit was indeed a "reactive

24  declaratory action: Great American filed this action in response to the state plaintiffs'

25  lawsuits." McCormick, 2005 WL 3095972 at *2.  The court noted that Great American's

26  argument that it was not forum-shopping was without merit because "[i]t could have filed a

27  declaratory relief action in state court . . . where such action could have been related to and

28  coordinated with the pending state court actions." McCormick, 2005 WL 3095972 at *2

1   (citation omitted).  This is the situation here.  Great American has at its disposal Ariz. Rev.

2   Stat. § 12-1831, Arizona's version of the Federal Declaratory Judgment Act.

3         Thus, in determining whether to exercise its discretionary jurisdiction to reach
          the merits in an action for declaratory relief, the dispositive question is not
4         whether the pending state proceeding is "parallel," but rather, whether there
          was a procedural vehicle available to the insurance company in state court to
5         resolve the issues raised in the action filed in federal court.  If a state court
          remedy is available to the insurer, the district court must consider whether
6         circumstances exist that overcome the "presumption that the entire suit should
          be heard in state court." Chamberlain, 931 F.2d at 1367.

7   Polido, 110 F.3d at 1423.

8         There is nothing about this case to indicate that the presumption is overcome; the state

9   court is the proper forum for Great American's request for declaratory relief.

10        Accordingly,

11        **IT IS ORDERED** that Plaintiff's Motion to Strike (Dkt. 12) is **denied.**

12        **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. 7) is

13  **granted**; therefore, this action is **dismissed.**

14

15        DATED this 28th day of April, 2008.

16

17

18

19  _____
                Earl H. Carroll
20           United States District Judge

21

22

23

24

25

26

27

28